UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA

                v.                                                5:04-CR-140
                                                                   (FJS)

ARTIE JOHNSON,

                        **Defendant.**
_____

| APPEARANCES | OF COUNSEL |
|---|---|
| **OFFICE OF THE UNITED STATES ATTORNEY**<br>James T. Foley U.S. Courthouse<br>445 Broadway<br>Albany, New York 12207-2924<br>Attorneys for the United States | TERRENCE M. KELLY, AUSA |
| **OFFICE OF THE FEDERAL PUBLIC DEFENDER**<br>The Clinton Exchange, 3rd Floor<br>4 Clinton Square<br>Syracuse, New York 13202<br>Attorneys for Defendant | LISA A. PEEBLES, AFPD |

**SCULLIN, Senior Judge**

## ORDER

On September 7, 2005, pursuant to an Agreement between the parties, Defendant entered a plea of guilty to Count 1 of the Indictment, charging him with conspiracy to possess with the intent to distribute and distribute cocaine base (crack), in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A). *See* Dkt. No. 162. At the time of sentencing, the Court found that Defendant's total offense level was 29 and that his criminal history was II, resulting in a presumptive United States Sentencing Guidelines range of 97 to 121 months' incarceration.

However, a ten-year (120 month) statutory minimum sentence applied. The Government moved for a downward departure pursuant to 18 U.S.C. § 3553(e) and United States Sentencing Guidelines ("U.S.S.G.") § 5K1.1 based on Defendant's substantial assistance. The Court granted the motion and, on April 13, 2007, imposed a sentence of sixty-four (64) months' incarceration.

Currently before the Court is Defendant's motion for a reduction of his sentence in light of the United States Sentencing Commission's amendment to the cocaine base guideline ranges of U.S.S.G. § 2D1.1(c), pursuant to 18 U.S.C. § 3582(c), 28 U.S.C. § 994(o), and U.S.S.G. § B1.10. *See* Dkt. No. 267. Defendant also relies upon the Second Circuit's recent decision in *United States v. Williams*, 551 F.3d 182 (2d Cir. 2009), to support his motion. *See id.*

The Government opposes the motion on the ground that, because the Court sentenced Defendant "below the otherwise applicable mandatory minimum term of imprisonment solely because this Court granted the [G]overnment's motion pursuant to § 3553(e), he is not entitled to seek relief pursuant to § 3582(c)(2)." *See* Dkt. No. 271 at (unnumbered) 5.

In determining Defendant's sentence in this case, the Court began with the mandatory statutory minimum of 120 months. Moreover, pursuant to its authority under § 3553(e), the Court imposed a sentence below this statutory mandatory minimum based solely on the Government's motion pursuant to U.S.S.G. § 5K1.1. Thus, the ultimate sentence that the Court imposed was not a Guidelines sentence but rather a statutory sentence that 18 U.S.C. § 3553(e) authorized. *See* 18 U.S.C. § 3553(e).[1] Therefore, because the Court fully considered Defendant's

---

[1] Section 3553(e) of Title 18 of the United States Code provides that, "[u]pon motion of the Government, the court shall have the authority to impose a sentence below a level established by statute as a minimum sentence so as to reflect a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense." 18 U.S.C.

(continued...)

cooperation in setting his sentence and because the Court is limited to considering *only* Defendant's cooperation in moving below the statutory mandatory minimum, for all practical purposes, the crack cocaine sentencing amendment is superfluous.  *See United States v. Veale*, No. 03-CR-167, 2008 WL 619176, *3 (N.D.N.Y. Mar. 3, 2008).

Accordingly, after carefully reviewing the entire file in this matter, the parties' submissions, and the applicable law, and for the reasons stated herein, the Court hereby

**ORDERS** that Defendant's motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10 in light of Amendment 706 to the Guidelines is **DENIED**.

**IT IS SO ORDERED.**

Dated: May 5, 2009
       Syracuse, New York

_____
Frederick J. Scullin, Jr.
Senior United States District Court Judge

---

[1](...continued)
§ 3553(e).